# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| EDWIN VEGA, </br></br> Petitioner/Appellant </br></br> v. </br></br> POLICE BENEVOLENT ASSOC., LOCAL 1910, </br> VIRGIN ISLANDS POLICE DEPARTMENT, </br> PUBLIC EMPLOYEES RELATIONS BOARD, </br> ARBITRATOR JOSEPH L. DALY </br></br> Respondent/Appellees | CIV. NO.: 2008-0072 </br></br> Writ of Habeas Corpus |

## **MEMORANDUM OPINION**

Finch, Senior Judge

### I. Introduction

This matter comes before the Court on Respondents Virgin Islands Police Department (VIPD) and Arbitrator Joseph Daly's Motions to Dismiss Writ of Habeas Corpus or in the Alternative Motion for Summary Judgment. VIPD seeks to dismiss Petitioner Edwin Vega's writ of habeas corpus on the grounds that it is improperly before the Court. Arbitrator Daly seeks to dismiss Petitioner's habeas petition on the basis or arbitral immunity. After reviewing the briefs and documents submitted by the parties, the Court finds that Petitioner's writ is not properly before this Court and that Arbitrator Daly is immune from suit. Accordingly, the Court dismisses Vega's habeas petition.

## II. Facts

Inasmuch as this opinion is written for the parties who are familiar with the facts, the Court will not set forth the background of this case at length. In 1998, Petitioner brought an employment discrimination action alleging that Respondent VIPD discriminated against him on the basis of his race and national origin, and also that VIPD refused to accommodate him after he became a qualified individual with a mental disability during the course of his employment. (*See* Civ. Case No. 1:98-cv-00161.) On October 8, 2003, this Court granted VIPD's unopposed motion for summary judgment in that case on the grounds that "[n]o evidence has been presented to support Plaintiff's claims." *Vega v. Government of Virgin Islands, Virgin Islands Police Department*, 2003 WL 23515133, at *5 (D.V.I 2003). On November 13, 2003, this Court ordered the case file closed. Respondent did not appeal from that case.

On May 29, 2008, Vega filed the instant petition with the District Court in the Eastern District of Pennsylvania seeking review of this Court's 2003 Order and realleging much of the same facts as alleged in his 1998 complaint. The Eastern District of Pennsylvania transferred the petition to this Court. Both VIPD and Arbitrator Daly filed motions to dismiss Vega's habeas petition. Petitioner filed a motion in opposition to VIPD's motion to dismiss.

## III. Discussion

### a. Petitioner Has Not Met the Requirements For Habeas Relief

Vega's petition states that it is brought under 28 U.S.C. § 2254.[1] Section 2254 of Title 28 of the United States Code requires that "a district court shall entertain an application for a writ

---

[1] Petitioner's filings are, to put it charitably, confusing. While styled as Petition for Writ of Habeas Corpus, Petitioner has included a "Complaint" which appears to request appellate review of this Court's dismissal of his 1998 action from both the district court and the Third Circuit Court of Appeals. (Habeas Petition 26, 51.)

2

of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The requirement that the individual be "in custody" is jurisdictional; without it, a district court lacks subject matter jurisdiction to act on the petition.[2] *Obado v. New Jersey,* 328 F.3d 716, 717 (3d Cir. 2003) (affirming dismissal of petition for writ of habeas corpus under 2254 for lack of subject matter jurisdiction because petitioner was not in prison nor subject to supervision by probation authorities); *see also Warren v. Kyler*, 422 F.3d 132, 140 -141 (3d Cir. 2005) ("Federal habeas relief is available under Section 2254 only if a prisoner demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Here, Petitioner's allegations, even broadly construed, do not allege that he is in custody. Petitioner cites no judgment of conviction from this or any other Court and the entries on his habeas form indicate that he is not in custody. For example, Petitioner lists "All common areas of the Continental United States and it's Territories" [sic] as the "Place of Confinement" on his habeas form. (*See* Habeas Petition 1.) In light of his allegation that he is seeking "appellate jurisdiction" over his prior civil case, 1:98-cv-00161, it is clear that Petitioner is not attacking a conviction for which he is now in custody. See *Obado,* 328 F.3d at 717 (3d Cir. 2003) (citing *Maleng v. Cook*, 490 U.S. 488, 490-92 (1989)) ("While the 'in custody' requirement is liberally construed for purposes of habeas corpus, for a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed."). Accordingly, his Writ of Habeas Corpus must be denied. *Lonchar v. Thomas*, 517 U.S. 314, 320

---

[2] "Custody" is not limited to physical custody alone "but also applies where individuals are subject both to significant restraints on liberty ... which were not shared by the public generally, along with some type of continuing governmental supervision." *Obado,* 328 F.3d at 717 (citing *Barry v. Bergen County Probation Dept.,* 128 F.3d 152, 160 (3d Cir.1997)) (internal quotations omitted).

(1996) (citation omitted) ("[A] district court is authorized to dismiss a petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court.").

### b. Petitioner Has Not Shown that Relief Under Rule 60(b) is Warranted

Vega's petition also asks "the Honorable DISTRICT Court of 3rd Circuit of Appeals of Pennsylvania to assume proper Appellate jurisdiction of CIVIL NO. 98-0161 under Rule 60(1), (2), (3) (b), (d)(2)(3) of the F.R.C.P., and Rule 183, Part 1(C), Part 2(A)(i), (B)(i) and (C)." [3] (*See* Habeas Petition 26.) Vega's habeas petition improperly seeks appellate review of the dismissal of his 1998 complaint. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal citations omitted) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *Rijo v. United States*, 2010 U.S. Dist. LEXIS 37129 (D.V.I. Apr. 14, 2010) (same). But, even if this Court were to treat Vega's Petition as a motion under Rule 60 of the Federal Rules of Civil Procedure seeking relief from this Court's 2003 Order dismissing his case, the motion must still be denied.[4]

As pertinent here, Federal Rule of Civil Procedure 60(b) provides that a court "may relieve a party . . . from a final judgment . . . for . . . (1) mistake . . . (2) newly discovered evidence . . . (3) fraud . . . (4) the judgment is void . . . (5) the judgment has been satisfied . . . (6)

---

[3] The Court does not know to which "Rule 183" Petitioner is referring. The only "Rule 183" identified by this Court's research is Tax Court Rule 183, which authorizes "Special Trial Judges" to conduct cases before the Tax Court and has no bearing on this case. *See* Tax Court Rule 183, 26 U.S.C.A. foll. § 7453.

[4] The Court may broadly construe the filings of a *pro se* litigant. *Harrison v. Local 54 of Am. Federation of State, County and Municipal Emp., AFL-CIO*, 518 F.2d 1276, 1283 (3d Cir. 1975) (construing "broadly as possible the averments in this *pro se* complaint."); *see also Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) ("the function of the motion, not the caption, dictates which Rule applies.")

4

any other reason that justifies relief." A motion for relief from judgment under Rule 60(b) must be made within "a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order…" Fed. R. Civ. P. 60(c). Vega's Petition was filed on May 29, 2008, more than four and a half years after this Court dismissed his case. Allegations of mistake, newly discovered evidence, and fraud are therefore not valid grounds to reopen his 1998 case. Furthermore, the 2003 Judgment Order dismissing his case is not void; the Court dismissed Vega's case after giving him ample opportunity to respond to VIPD's motion for summary judgment. *See Vega*, 2003 WL 23515133, at *5 ("By holding a hearing on this matter, the Court afforded Plaintiff with yet another opportunity to defend his case and show cause why Defendant's motion should be denied. Plaintiff has failed to appear and the Court cannot find any reason to deny summary judgment in this case.").[5]

Finally, after reviewing Vega's filings, the Court can find no "extraordinary circumstances" to justify relief under section 60(b)(6). *See Sawka v. Healtheast, Inc*. 989 F.2d 138, 140 (3d Cir. 1993) ("Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."); *Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977) (holding that legal error, inconsistencies with legal precedent, and impatience with *pro se* plaintiff's lack of legal skill were not extraordinary circumstances warranting relief). And even if such "extraordinary circumstances" were present, the four plus year delay in filing the Rule 60(b) motion was not "a reasonable time." *See e.g. Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) ("Rule 60(b)(6) motion almost two years after the district court's initial judgment . . . was not made within a reasonable time.").

---

[5] Nothing in Vega filings can fairly be read as invoking Rule 60(b)(5).

### c. Respondent Daly is Immune From Suit

The "Complaint" section of Vega's habeas petition alleges that Respondent Daly came to St. Croix on October 10, 2003 for a scheduled arbitration concerning Petitioner's termination from VIPD, but that upon arriving at the arbitration office, was informed by the Office of Collective Bargaining that the case had been "resolved."[6] (Writ Petition 50.) Petitioner alleges that Arbitrator Daly nonetheless billed the Virgin Islands and the Police Benevolent Association $3,053.26 "for work not performed . . . there by created a conspiracy to further deprive Petitioner/Appellant of property interests and Arbitration as agreed via binding contract." (*Id.*)

Respondent Daly argues that judicial immunity applies to his actions as an arbitrator and bars Petitioner's claims against him. The Court agrees. According to Petitioner's complaint, Arbitrator Daly travelled from Minnesota specifically for this arbitration and appeared at the arbitration location at the agreed upon time where he was informed that the arbitration had been cancelled. (Writ Petition 49-50.) The collection of the arbitrator's fees arose out of the performance of his duties as an arbitrator and the simple act of billing for his time and travel, by itself, cannot form the basis of liability. *See Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114-15 (3d Cir. 1962) (holding that arbitrators are "clothed with an immunity, analogous to judicial immunity, against actions brought by either of the parties arising out of his

---

[6] The Court construes Petitioner's habeas petition as a complaint against Arbitrator Daly. *See* n.4, *supra*. However, res judicata prevents the Court from construing his habeas petition as a complaint against VIPD, the Police Benevolent Association and the Public Employees Relations Board. *See USDA Rural Hous. v. Phillips*, 2010 U.S. Dist. LEXIS 37519, at *19 (D.V.I. Apr. 15, 2010) ("[R]es judicata is the legal principle that a final judgment, rendered upon the merits, without fraud or collusion, by a court which had jurisdiction over the parties and the subject matter, is conclusive in a subsequent action between the parties or their privies based upon the same cause of action.") (citing *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, 52 F. Supp. 2d 536 (D.V.I. 1999)). Vega's petition makes nearly identical allegations against the same parties or their privies as his 1998 complaint.

performance of his duties.") (citations omitted); *see also Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882, 886 (2d Cir. 1990) ("[T]he Courts of Appeals that have addressed the issue have uniformly immunized arbitrators from civil liability for all acts performed in their arbitral capacity.") (collecting cases); *Larry v. Penn Truck Aids, Inc.*, 567 F.Supp. 1410, 1416 (E.D.Pa. 1983) (granting motion for summary judgment in favor of defendant arbitrator whose "total involvement in this case stems from his service as a member of the Special Joint [Arbitration] Committee. In this role, he is clothed with absolute arbitral immunity.").[7]

## IV. Conclusion

For the foregoing reasons, the Court concludes that Vega has not met the requirements for habeas relief under section 2254, and that this Court lacks subject matter jurisdiction over his petition. Furthermore, to the extent that Vega's filings can be construed as a Rule 60(b) motion for relief from the 2003 Order dismissing his case, the Court finds that Vega's filings are untimely and do not warrant relief under Rule 60(b). Finally, the Court concludes that

---

[7] Vega's complaint must also be dismissed because it fails to state a claim against Respondent Daly. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Acosta v. Hovensa, LLC*, 2010 U.S. Dist. LEXIS 16546 at *9 (D.V.I. Feb. 23, 2010) (citing *McTernan v. City of York, Penn.*, 577 F.3d 521, 531 (3d Cir. 2009)). Vega's allegation that Petitioner Daly's act of billing for his services made him part of conspiracy to deprive Petitioner of his "property interests and Arbitration" is not a plausible claim for relief. *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) ("[T]he rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action. A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.") (citation omitted).

7

Respondent Daly is immune from suit. Accordingly, Vega's habeas petition is dismissed against all parties. An appropriate Order accompanies this Memorandum Opinion.

**ENTERED this 9th day of June, 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE